IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLIFFORD LEE WHITE                                                          PLAINTIFF

v.                                    Civil No.: 6:19-CV-06064

NURSE SMITH (Ouachita River Unit, ADC)                                      DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Defendant's Motion for Summary Judgment.  (ECF No. 17).

**I.  BACKGROUND**

Plaintiff filed his Complaint on June 11, 2019.  (ECF No. 1).  The Court entered an Order that same day directing Plaintiff to file an Amended Complaint.  (ECF No. 3).  When Plaintiff failed to do so, a Report and Recommendation was filed, recommending dismissal of the case for Plaintiff's failure to obey a Court Order and failure to prosecute.  (ECF No. 6).  After Plaintiff filed an Objection to the Report and Recommendation, he was given another opportunity to file an Amended Complaint.  (ECF Nos. 7, 8).  Plaintiff filed an Amended Complaint on August 26, 2019.  (ECF No. 9).  As this Complaint was not submitted on the Court-approved form as directed, Plaintiff was directed to file a Second Amended Complaint.  (ECF No. 10).  Plaintiff filed his Second Amended Complaint on September 5, 2019.  (ECF No. 11).

Plaintiff alleges that on April 26, 2018, he was housed in the Arkansas Department of Correction ("ADC") Ouachita River Unit.  On that day, Defendant Smith was deliberately

1

indifferent to his medical needs when she used the same tuberculosis testing syringe to "stick" several inmates, including Plaintiff. Plaintiff further alleges she did not have a biohazard container to dispose of the used syringes. Because she commented that he looked like someone she knew, he believed she willfully used the dirty syringe on him. (ECF No. 11 at 4).

Plaintiff proceeds against Defendant Smith in her personal and official capacity. (*Id*. at 2). Plaintiff alleges he was harmed emotionally and psychologically by the incident. (*Id*. at 5). He seeks monetary damages. (*Id*.).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendant Smith argues that summary judgment in her favor is appropriate because Plaintiff failed to exhaust his administrative remedies concerning the incident.  (ECF No. 19).

In his Response documents, Plaintiff argues his Grievance No. SNN-0043 and the documents pertaining to it, including the letter from Health Supervisor Ray Griffin, and the documents from Jada Lawrence and Vicki Orr, support his position.  (ECF No. 28 at 1-2).  Plaintiff states he never received a response to his original grievance when he was transferred to Calico Rock, and he feels that his Complaint must be resolved with a hearing or trial.[1]  (ECF No. 27 at 1).  He further requests video footage of the incident.  (*Id.*).

Based on the summary judgment record before the Court, Plaintiff failed to exhaust his administrative remedies concerning this incident.  The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citation omitted).  The "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*  A

---

[1] Plaintiff makes no reference to another grievance number regarding the incident.

prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012). The purpose of the exhaustion requirement is to "give the agency a fair and full opportunity to adjudicate their claims." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines." *Id*.

Defendants searched all medical grievances filed by Plaintiff from April 23, 2018, through the time he filed this lawsuit on June 11, 2019. (ECF No. 18 at 2; 18-3). This search revealed three medical grievances submitted by Plaintiff. Of these, only Grievance No. SNN18-00043 referred to the alleged incident in Plaintiff's Complaint for this case.[2] (ECF No. 18-2 at 1-5). Plaintiff filed his Informal and Formal Steps of Grievance No. SNN-0043 on June 18, 2018. He signed the form on June 18, 2018. (ECF No. 18-2 at 5). On June 19, 2018, the grievance was rejected as untimely because it had been filed more than 15 days after his tuberculosis test on April 26, 2018. (ECF Nos. 18-2 at 5; 18-3 at 1-2). On June 25, 2018, Vicki Orr rejected the grievance as untimely. (ECF No. 18-2 at 3). On July 17, 2018, Rory Griffin rejected the grievance appeal because it was untimely, and because Plaintiff did not complete Attachment II as required. (ECF No. 18-2 at 3; 18-3 at 1-2; 19 at 6). On July 3, 2018, Plaintiff was sent a letter from Jada Lawrence, advising him that her office is not directly involved with the grievance process, and indicating the records showed Grievance No. SNN-0043 had been denied as untimely. She stated she would forward his correspondence to Rory Griffin. (ECF No. 11 at 13). On August 6, 2018, Plaintiff was sent a letter from the office of Rory Griffin, signed by Shelly Byers, explaining why Grievance No. SNN-0043 had been rejected. (ECF No. 11 at 8).

---

[2] NC18-00372 concerned a dental issue, and NC18-00406 concerned his prescribed medication. (ECF No. 18-2 at 8, 10). Both grievances were also rejected because Plaintiff failed to follow the requirements laid out in ADC Directive 14-16. One was untimely and Plaintiff did not complete the appeal process for the other. (ECF No. 18 at 3).

4

With his Amended Complaint, Plaintiff submitted a copy of a Request Form dated June 18, 2018, and addressed to staff member Mr. Peter. (ECF No. 11 at 9). In this request form, Plaintiff states he has not heard anything back from Peter concerning the situation that happened at the Malvern Unit, where the Nurse "stuck" him and several other inmates with the same syringe during tuberculosis testing. (*Id*.). The response indicates that any response would come from the Malvern Unit, and notes that there is no electronic record showing that any such complaint was submitted. (*Id*.). Plaintiff provided no grievance reference number in the Request, and has not submitted any copies of another, earlier, grievance to the Court.

Even if Plaintiff did file an earlier grievance concerning the incident with Defendant, the alleged lack of ADC staff response to it would not have prevented him from exhausting his administrative remedies. ADC Directive 14-16 controls the inmate grievance procedure. The Directive states that

> If an inmate has not received a response to his/her Unit Level Grievance within the allotted time frame as stated on the Acknowledgement Form and/or the Extension Form, if applicable, the inmate may move to the next level of the process, an appeal to the Chief Deputy/Deputy/Assistant Director's Level within five (5) working days.

(ECF No. 18-1 at 10). Thus, if an inmate does not receive a timely response to a grievance, he is required to continue through the grievance process in order to exhaust his administrative remedies. (ECF Nos. 18-1 at 10; 29 at 2, n. 1). Plaintiff failed to do so. Further, inmates are advised in the Directive that they must exhaust the grievance process before filing a § 1983 lawsuit, or their lawsuit will be dismissed. (ECF No. 18-1 at 18). Plaintiff, therefore, failed to exhaust his administrative remedies concerning his claim against Defendant Smith. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (An inmate's subjective belief about the effectiveness of the

grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion.).

## IV.  CONCLUSION

Accordingly, I recommend that Defendant's Motion for Summary Judgment (ECF No. 17) be GRANTED and Plaintiff's claims be DISMISSED WITHOUT PREJUDICE.[3]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **14th day of May 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003).