IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CLIFFORD LEE WHITE, JR.                                                    PLAINTIFF


v.                                        Case No.  6:19-cv-6064


NURSE SMITH (Ouachita River Unit, ADC)                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed May 14, 2020, by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (ECF No.

31).  Judge Bryant recommends that the Court grant Defendant's Motion for Summary Judgment.

(ECF No. 17).  Specifically, Judge Bryant recommends that the Court dismiss Plaintiff's claims

because Plaintiff failed to exhaust his administrate remedies.  Plaintiff has objected to the Report

and Recommendation.  (ECF Nos. 32, 33).  The Court finds this matter ripe for consideration.

## BACKGROUND

This is a civil rights action brought pursuant to 42 U.S.C. §1983.  Plaintiff is an inmate in

the Arkansas Department of Correction ("ADC").  Plaintiff alleges that his constitutional rights

were violated when Defendant used the same tuberculosis testing syringe to "stick" several

inmates, including Plaintiff.  Plaintiff further alleges Defendant did not have a biohazard container

to properly dispose of used syringes.  Plaintiff contends Defendant willfully used the contaminated

syringe on him because she commented that he looked like someone she knew.

On December 2, 2019, Defendant moved for summary judgment, arguing, *inter alia*, that

Plaintiff's claims against her should be dismissed because he failed to exhaust his administrative

remedies.  Judge Bryant subsequently issued the instant Report and Recommendation, finding that Plaintiff's claims should be dismissed for failure to exhaust.  Plaintiff objects.

## DISCUSSION

The Court may designate a magistrate judge to hear pre and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge  . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  Recommendations that are not objected to are reviewed only for clear error.  *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Plaintiff's sole objection is to Judge Bryant's finding that he failed to exhaust his administrative remedies.  Therefore, pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of whether Plaintiff failed to exhaust.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  "[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules."

*Jones v. Bock*, 599 U.S. 199, 218 (2007) (internal quotation marks omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*.") (emphasis in original).

A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).  If an inmate has not fully exhausted his administrative remedies when he files his complaint, "dismissal is mandatory." *Id.*   If "a trial court determines that a prisoner's claims are unexhausted, it is required to dismiss the case without prejudice—and it cannot proceed to reach the merits and dismiss the case, with prejudice." *Reed v. Anderson*, No. 5:11-cv-0111-DPM/JTR, 2011 WL 4709884, at *2 (E.D. Ark. Sept. 9, 2011) (citing *Barbee v. Corr. Med. Servs.*, 394 F. App'x. 337, 338 (8th Cir. 2010)).

Judge Bryant found that Plaintiff failed to exhaust his administrative remedies because his grievances concerning Defendant's alleged conduct were untimely.  Upon review, the Court agrees with Judge Bryant.  To properly exhaust his administrative remedies, Plaintiff must comply with his prison's procedural rules. *Jones*, 599 U.S. at 207.  At all times relevant, Plaintiff was incarcerated in the ADC.

In short, the ADC grievance process requires that a prisoner first submit an informal resolution.  The informal resolution must be submitted within fifteen days of the incident at issue.  If the informal resolution is not resolved to the prisoner's satisfaction or is not responded to at all within a specified time frame, the prisoner may then submit a formal grievance.  If the formal

grievance is not resolved to the prisoner's satisfaction or is not responded to at all within a specified time frame, the prisoner may then submit an appeal within five working days.   Once a rejection or written decision is issued on the appeal, the grievance process is complete, and the prisoner's remedies are exhausted.[1]

Plaintiff alleges that Defendant stuck him with a contaminated needle during tuberculosis testing on April 28, 2018.  Thus, Plaintiff's informal grievance was due by May 13, 2018.  Plaintiff argues that he timely grieved the incident.  However, Plaintiff has submitted no summary judgment evidence indicating that he filed a grievance on or before May 13, 2018.  Plaintiff did file informal and formal grievances on June 18, 2018, after the time to grieve the alleged incident had passed. Therefore, the Court finds that Plaintiff's claims against Defendant should be dismissed for failing to exhaust his administrative remedies in compliance with ADC policy.

### CONCLUSION

For the above-stated reasons, the Court adopts the Report and Recommendation (ECF No. 31) *in toto*.  Accordingly, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 17) should be and hereby is **GRANTED**.   Plaintiff's claims against Defendant are **DISMISSED WITHOUT PREJUDICE**.[2]

**IT IS SO ORDERED**, this 29th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Defendant included the ADC Inmate Grievance Procedure with her summary judgment documents.  *See* (ECF No. 18-1).

[2] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Sergent v. Norris*, 330 F.3d 1084, 1085 (8th Cir. 2003).